**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION**

CARLOS ROBERTO AMAYA
TINOCO,

Case No. 6:25-cv-06559

              Petitioner,

**PETITION FOR WRIT OF**

v.

**HABEAS CORPUS**

JOSEPH E. FREDEN, Facility Director, Buffalo
Federal Detention Facility;
TODD LYONS, Acting Director U.S. Immigration
and Customs Enforcement;
KRISTI NOEM, U.S. Secretary
of Homeland Security;
PAMELA BONDI,
U.S. Attorney General; and
DAREN K. MARGOLIN, Director, Executive Office
for Immigration Review

              Respondents.

---

## INTRODUCTION

1. Petitioner, Carlos Roberto Amaya Tinoco, hereby seeks a writ of habeas corpus releasing him immediately from detention, or in the alternative, directing that he be provided with a bond hearing before an Immigration Judge forthwith.

2. Petitioner is a citizen of El Salvador, who has been physically present in the U.S. since 2009. He was detained by officers from US Immigration and Customs Enforcement (ICE) on September 18th, 2025 and is currently at the federal immigration detention facility in Batavia, New York. Upon information and belief, prior to this detention, Petitioner had only ever been detained or held in custody by US immigration officials, he does not have any criminal history anywhere in the world.

3.  Mr. Amaya Tinoco life has not been easy, as a result, he fled war-torn and gang-riddled El Salvador in 2003. He was not then admitted or paroled by immigration and was denied entry, eventually returning to El Salvador. Mr. Amaya Tinoco left El Salvador after much continued suffering and inability to live freely again, for the United States arriving in November 2009. He had hope to apply for asylum but was fearful to do so because of the administration and treatment of El Salvadoran immigrations when arriving.

4.  Mr. Amaya Tinoco's mother, Reyna Margarita Tinoco Flores, and his son, J.A.A.I. are United States citizens and rely on Mr. Amaya Tinoco for care and support.

5.  Petitioner is the only caretaker for his mother, who suffers from medical conditions. Since his detention, Mrs. Tinoco Flores has been depressed and agitated and ill due to the absence of her son.

6.  Mr. Amaya Tinoco now brings this Petition for a writ of habeas corpus, seeking immediate release from custody, and an order enjoining his removal out of this district while this case remains pending.

**JURISDICTION**

7.  This action arises under the U.S. Constitution and the Immigration and Nationality Act, at 8 U.S.C. §1101 et seq. This Court has habeas corpus jurisdiction pursuant to 5 U.S.C.

    §703, 28 U.S.C. §2241 et seq., and Article I, § 9, Clause 2 of the United States Constitution (suspension clause).

8.  Petitioner is in custody under color of the authority of the U.S., in violation of the constitution and laws of the U.S.

## VENUE

9.  Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e), because Petitioner

    is physically detained in this District and Respondents' principal place of business

    is in this district.

## PARTIES

10.  Petitioner, Carlos Roberto Amaya Tinoco is a citizen of El Salvador, who has

    resided continually in the U.S. since on or about 2009.  He was arrested on or about

    September 18, 2025, and is currently detained at the Buffalo Federal Detention

    Facility in Batavia, NY.

11.  Joseph E. Freden is the warden or facility director at the Buffalo Federal Detention

    Facility, and is Petitioner's immediate custodian.

12.  Todd Lyons is the acting director of U.S. Immigration and Customs Enforcement,

    and is sued in his official capacity. ICE oversees the enforcement of the immigration

    laws and is responsible for, inter alia, decisions regarding the detention of non-

    citizens inside the US, including those regarding Mr. Amaya Tinoco.

13.  Kristi Noem is Secretary of the Department of Homeland Security of the United

    States, an agency of the US government, responsible for administration and

    enforcement of the nations' immigration laws.

14.  Pamela Bondi is the United States Attorney General, who is responsible for the

    actions of the US Department of Justice, including its sub-agency the Executive

    Office for Immigration Review, of which the US Immigration Courts are a part.

15.  Daren K. Margolin is director of the Executive Office for Immigration Review

    ("EOIR"), an agency within the Department of Justice. EOIR administers the

Immigration Courts which are responsible for, *inter alia*, the holding of bond hearings for detained non- citizens such as Petitioner.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Mr. Amaya Tinoco has no administrative remedies to exhaust. While he has not requested a bond hearing, requesting such a hearing would be futile in light of the recent Board of Immigration Appeals ("BIA") decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). In that case the BIA interpreted the detention provisions of the INA to preclude the right to a bond hearing for most noncitizens who, like Petitioner, entered the U.S. without inspection. An Immigration Judge cannot grant Petitioner a bond hearing, as Immigration Judges are bound by precedential BIA decisions.

17. Further, there are no exhaustion requirements with regard to the claim of unlawful detention, and exhaustion is only required when specifically mandated by Congress.

## RELEVANT LAW

18. Detention of non-citizens can only occur in two discrete situations: pending a decision on whether they are to be removed (i.e., during their removal proceedings), and after a final order of removal has been issued. 8 U.S.C. § 1226 governs the detention of non- citizens pending removal proceedings. § 1226(a) authorizes the arrest, detention, and release on a bond or conditional parole of a non-citizen pending a decision on whether they are to be removed from the United States. 8 U.S.C. § 1186(b) authorizes the revocation of a bond or parole granted under § 1226(a). 8 U.S.C. § 1186(c), known as the "mandatory detention" statute, renders ineligible for bond pending removal proceedings several classes of non-citizens. 8

U.S.C. § 1231 governs the detention of non-citizens after they have been ordered removed. Other than pursuant to these two statutory provisions, Respondents have no authority to detain non-citizens.

19. A recent Board of Immigration Appeals decision, Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), precludes Immigration Judges from providing bond hearings to any non-citizen alleged to have entered the US without inspection. However, almost every district court judge to have considered the matter has rejected the reasoning in that case and found the non-citizen to be eligible for release on a bond.

## FACTS

20. Petitioner, Carlos Roberto Amaya Tinoco is a native and citizen of El Salvador, who has been living in Massachusetts since entering the US in 2009. He has worked as a cook and most recently, in a car wash, throughout that time. He has a United States citizen child and mother, both require his care and support.

21. Petitioner has driving related offenses, which is his only contact with law enforcement. Otherwise, he has no criminal record.

22. When Petitioner arrived in November 2009, he hoped to apply for asylum but was fearful to do so because of the administration and treatment of Salvadoran immigrants.

23. Petitioner is awaiting a I-130 Petition for Alien Relative from his U.S. Citizen mother to be filed but due to her age and health there have been many delays. Petitioner also seeks to apply for asylum due to his fear of return to El Salvador.

24. On or about September 18, 2025, Respondent ICE detained Petitioner for no reason other than that he is of Hispanic appearance and works in a car wash, and he

remains detained.

25. On information and belief, Petitioner is currently being held in ICE's custody in the Buffalo Federal Detention Facility in Batavia, NY.

26. Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a).

27. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing before an immigration judge (colloquially called a "bond hearing") with strong procedural protections. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

28. However, the Board of Immigration Appeals has issued a decision (*Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)) which precludes Immigration Judges from holding a bond hearing for any non-citizen alleged to have entered the US without inspection. Even though numerous District Court judges have rejected this decision, and found that such non-citizens are eligible for a bond hearing, immigration judges still continue to take the position that they do not have jurisdiction to hold such a hearing.

29. Petitioner is being irreparably harmed by his ongoing unlawful detention without a bond hearing.

30. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of 8 U.S.C. 1226(a) and Associated Regulations

31.  Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

32.  Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. *See* 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

33.  Petitioner has not been, and will not be, provided with a bond hearing by Respondents as required by law.

34.  Petitioner's continuing detention is therefore unlawful.

### COUNT TWO
### Violation of Fifth Amendment
### Right to Due Process
### (Failure to Provide Bond Hearing
### Under 8 U.S.C. § 1226(a))

35.  Because Petitioner is a person arrested inside the United States and is subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that Petitioner receive a bond hearing with strong procedural protections, after which he is entitled to release unless Respondents show that he is a danger to the community or a flight risk.  Petitioner is neither.

36.  Petitioner has not been, and will not be, provided with a bond hearing by Respondents as required by law.

37.  Petitioner's continuing detention is therefore unlawful.

**COUNT THREE**
**Violation of Fifth Amendment Right to Due Process**
**(Failure to Provide an Individualized Hearing for Domestic Civil Detention)**

38. The Due Process Clause of the Fifth Amendment to the US constitution specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law."

39. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

40. Petitioner has been physically present in the US since November 2021.He has never previously been in immigration custody. He therefore has a protected liberty interest in his continued freedom from detention. Respondents' abrupt termination of his liberty, without any cause or notice, violates his right to due process under the Fifth Amendment.

**COUNT FOUR**
**Violation of Fifth Amendment Right to Due Process**
**(Substantive Due Process)**

41. Pre-removal immigration detention is only authorized during the pendency of removal proceedings, 8 USC § 1226(a), and must bear a "reasonable relation" to the prevention of flight and danger to the community during the pendency of removal proceeding, and not be impermissibly punitive.

42. Petitioner has no criminal history. Furthermore, Petitioner filed these immigration applications, thus showing that he fully intends to attend his future hearings. He is therefore not a flight risk, and does not pose any danger to the community. Accordingly, his detention does not bear any "reasonable relationship" to the

prevention of flight and danger to the community Petitioner's detention is therefore

unlawful, regardless of what statute might apply to purportedly authorize such

detention.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the Western District of New York;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this

Petition should not be granted;

(4) Declare that Petitioner's detention is unlawful;

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately,

or, in the alternative, provide Petitioner with a bond hearing and order Petitioner's

release on conditions the Court deems just and proper.

(6) Award Petitioner his reasonable litigation costs and attorney's fees pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412.

(7) Grant any further relief this Court deems just and proper.


Dated:  October 9, 2025                          Respectfully submitted,


*/s/Brian Scott Green*                            /s/Molly McGee (with permission)
Brian Scott Green                                *Molly McGee
Colorado Bar ID # 56087                          BBO No. 696820
Law Office of Brian Green                         Law Office of Molly McGee
9609 S University Boulevard                        385 Broadway Ste #303
#630084                                          Revere, MA 02151
Highlands Ranch, CO 80130                         Tele: (617) 208-4141
Tele: (443) 799-4225                             *Motion for admission pro hac vice forthcoming

Attorneys for the Petitioner

JS 44  (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Carlos Roberto Amaya Tinoco

**DEFENDANTS**

Joseph E. Freden, Todd Lyons, Kristi Noem, Pamela Bondi and Daren K. Margolin

**(b)** County of Residence of First Listed Plaintiff   Genesee County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Brian S. Green, Law Office of Brian Green, 9609 S Univ. Boulevard, #630084, Littleton, CO 80130; (443)

Attorneys *(If Known)*

U.S. Attorney for the Western District of New York

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☒ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 2241 (immigrant detainee habeas corpus) and 28 U.S.C. Section 1331 (federal question jurisdiction)

Brief description of cause:
Petition for writ of habeas corpus on behalf of an immigration detainee held at the Batavia Federal Detention Center in Batavia, NY.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| | |
|---|---|
| DATE | SIGNATURE OF ATTORNEY OF RECORD |
| October 9, 2025 | /s/Brian Scott Green |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

| EXHIBIT | DOCUMENT | PAGE |
|---|---|---|
| **A** | **Petitioner's Birth Certificate** | 2 |
| **B** | **Birth Certificate and United States Passport of Jason Alexander Amaya Iraheta**<br>*United States Citizen Child of Petitioner* | 3-4 |
| **C** | **Letter from Celina Aracely Iraheta Carillo**<br>*Mother of Petitioner's child* | 5 |
| **D** | **United States Passport Page of Reyna Margarita Tinoco-Flores**<br>*United States Citizen Mother of Petitioner* | 6 |
| **E** | **Copy of Employment Work Authorization of Petitioner** | 7 |

# EXHIBIT A

VISAS

3

# REPÚBLICA DE EL SALVADOR

Pasaporte/Passport

Tipo/Type:
**P**

Código País/Country code:
**SLV**

No:

Nombres/Given Names:
**CARLOS ROBERTO**

Apellidos/Surname:
**AMAYA TINOCO**

Nacionalidad/Nationality:
**Salvadoreña**

Sexo/Sex:
**M**

**EL SALVADOR(SLV)**

Fecha expedición/Date of issue:
**11 Jul / Jul 2019**

Número de Libreta/Booklet Number:
**D3964833**

Fecha de expiración/Date of expiry:
**11 Jul / Jul 2025**

Autoridad emisora/Issuing authority:
**(RREE) Boston, USA**

2

P<SLVAMAYA<TINOCO<<CARLOS<ROBERTO<<<<<<<<<<

# EXHIBIT B



# City of Lynn
# Office of the City Clerk



07012019

*Commonwealth of Massachusetts*
*Registry of Vital Records and Statistics*

RECORD OF BIRTH

REGISTERED NUMBER: **8396**
STATE FILE NUMBER: **028379**

CHILD

NAME:
SEX:  **MALE**                    PLURALITY: **SINGLE**
DATE OF BIRTH:                    TIME: **08:11 AM**
PLACE OF BIRTH

PARENT

NAME:  **CELINA ARACELY IRAHETA CARRILLO**
SURNAME AT BIRTH OR ADOPTION:  **IRAHETA CARRILLO**
BIRTHPLACE:                    **EL SALVADOR**
DATE OF BIRTH:

PARENT

NAME:  ---
SURNAME AT BIRTH OR ADOPTION:  ---
BIRTHPLACE:  ---
DATE OF BIRTH:  ---

AT-BIRTH RESIDENCE:            **LYNN, MASSACHUSETTS**

DATE OF RECORD:

DATE ISSUED:  **OCTOBER 07, 2025**

I, the undersigned, hereby certify that I am the City Clerk of the City of Lynn; that as such I have custody of the records of births required by law to be kept in my office; I do hereby certify that the above is a true copy from said records.

Witness my hand and the SEAL OF THE CITY OF LYNN
at Lynn on this  **7th**          day of  **OCTOBER 2025**

*Janet L. Rowe*

JANET L. ROWE
CITY CLERK

IT IS ILLEGAL TO ALTER OR REPRODUCE THIS DOCUMENT IN ANY MANNER

4

# EXHIBIT C

Celina Iraheta
781-266-6986
iraheta411@gmail.com

10/07/2025

To Whom this may concern,

I, Celina Aracely Iraheta Carrillo, write this letter to show my entire support to Carlos Roberto Amaya Tinoco, and to attest that he is 100% the biological father of our son ▉▉▉▉▉
▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Carlos and I have known each other for over 7 years. In this time we became fortunate enough to share a child together and since then have remained in a good co-parenting relationship and even consider him a good friend. Though at the time of our son's birth we were separated, and this ultimately being the reason for him not being on the birth certificate, Carlos R. Amaya has never been absent from our son's life until now that Carlos has been unfortunately separated from our son. Like with most children, my son considers his father his role model and his best friend. Carlos has always been a source of support, positivity, guidance and love for our son. Everyday since Carlos has left, my son ▉▉▉ lways asks when his father will be by to pick him up. It breaks my heart daily to have to lie to my son that he will pick him up soon, since Carlos' circumstances are so uncertain. These past few weeks have been very difficult for my son and I want to respectfully request your consideration to allow my son's father to stay in the country. His continued presence in our son's life is very important for his well being and I cannot imagine the irreparable harm his continued absence from his life would do.

Thank you for your time and consideration. Please reach out to me if there is anything further I can do.

Sincerely,

*Celina A Iraheta*

Celina Iraheta

**TAIWO ODUNUYI**
Notary Public, Commonwealth of Massachusetts
My Commission Expires January 11, 2030

# EXHIBIT D



SIGNATURE OF BEARER / SIGNATURE DU TITULAIRE / FIRMA DEL TITULAR

PASSPORT
PASSEPORT
PASAPORTE

**UNITED STATES OF AMERICA**

Type / Type / Tipo    Code / Code / Codigo    Passport No / No de Pasaporte

P    **USA**

Surname / Nom / Apellidos
**TINOCO-FLORES**
Given Names / Prénoms / Nombres
**REYNA MARGARITA**
Nationality / Nationalité / Nacionalidad
**UNITED STATES OF AMERICA**
Date of birth / Date de naissance / Fecha de nacimiento

Place of birth / Lieu de naissance / Lugar de nacimiento
**HONDURAS**
Date of issue / Date de délivrance / Fecha de expedición
**29 Sep 2017**
Date of expiration / Date d'expiration / Fecha de caducidad
**28 Sep 2027**
Endorsements / Mentions Spéciales / Anotaciones
**SEE PAGE 27**

Sex / Sexe / Sexo
**F**
Authority / Autorité / Autoridad
**United States**
**Department of State**

P<USATINOCO<FLORES<<REYNA<MARGARITA<<<<<<<<<

6

# EXHIBIT E





7