UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CARLOS ROBERTO AMAYA TINOCO,

          Petitioner,
v.                                                          6:25-CV-06560-MAV

                                                                                  **ORDER**

JOSEPH E. FREDEN, *Facility Director,*
*Buffalo Federal Detention Facility*; *et al.*,

          Respondents.
_____

      This matter is presently before the Court on Petitioner's request for leave to file an amended petition (ECF No. 8), and Respondents' request that the Court lift the restriction on transferring Petitioner out of the United States (ECF No. 10). For the reasons stated below, both requests are GRANTED.

      Petitioner Carlos Roberto Amaya Tinoco, a citizen of El Salvador, filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 on October 9, 2025, while being held as a civil immigration detainee at the Buffalo Federal Detention Facility. ECF No. 1. In his petition, Petitioner stated that he fled El Salvador in 2003, and was denied entry to the United States without being admitted or paroled. *Id.* ¶ 3. After returning to El Salvador for a time, Petitioner re-attempted entry into the United States in November 2009, and was evidently successful, though apparently without being admitted or paroled. *Id.* Petitioner stated that he has resided continuously in the United States since that time. *Id.* ¶ 10.

      Following receipt of the petition, the Court entered an order to show cause, giving

Respondents 14 days to show cause why the petition should not be granted, Petitioner 7 days to respond, and ordering that Respondents refrain from transferring Petitioner out of the United States until the Court could determine whether an evidentiary hearing on the Petition was warranted under 28 U.S.C. § 2243 to resolve any pertinent issues of fact. ECF No. 2.

Respondents filed a motion to dismiss the petition on October 24, 2025, providing copies of Petitioner's notice and order of expedited removal from the United States in February 2007 (ECF No. 4-3), and Respondents' notice to Petitioner of its decision in September 2025 to reinstate the 2007 order of removal (ECF No. 4-3). Based on the copies submitted, Respondents maintained that Petitioner is detained under 8 U.S.C. § 1231, and not § 1226 as Petitioner had previously maintained, and that the only colorable argument Petitioner could make against his detention is that his removal is not likely to occur within the reasonably foreseeable future. ECF No. 4-4 (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).

Petitioner responded on December 5, 2025 and appeared to concede that he is detained under § 1231, but argued that the statute requires he be removed within the 90-day removal period, which was due to expire on December 17, 2025, or be released on supervision. ECF No. 8. Petitioner asked leave of Court to file an amended petition in the event that he was not removed by December 17, 2025 "asserting his right to release on supervision under 8 U.S.C. § 1231(a)(3)." *Id.* That date has now passed, and Petitioner's request for leave to file an amended complaint is GRANTED.

Further, on January 2, 2026, Respondents filed a letter asking the Court to lift its

2

restrictions on Petitioner's transfer out of the United States. ECF No. 10. Respondents' letter represented that upon arrest, Petitioner raised a fear of return to his country and was given a credible fear interview to determine whether asylum or some other form of protection from removal was warranted. *Id.* The letter also represented that an asylum officer found Petitioner's fear was not credible, and provided a copy of the Immigration Judge's order affirming the asylum officer's determination. *Id.* Lastly, the letter represented that United States Immigration and Customs Enforcement is ready, willing, and able to remove Petitioner from the United States. *Id.* Accordingly, Respondents asked that the Court find that an evidentiary hearing is not warranted under 28 U.S.C. § 2243 and lift the restriction on Petitioner's transfer from the United States. *Id.* The Court agrees with Respondents that this matter involves only legal argument, and that Petitioner has made no showing of any factual matters at issue that would warrant an evidentiary hearing. Consequently, Respondents' request that the Court lift the restriction on Petitioner's transfer outside of the United States is also GRANTED.

In sum, for the reasons stated above, Petitioner's request for leave to file an amended petition "asserting his right to release on supervision under 8 U.S.C. § 1231(a)(3)," and Respondents' request that the restriction on Petitioner's transfer outside of the United States be lifted are both GRANTED.

SO ORDERED.

Dated:   January 5, 2026
         Rochester, New York

_____
HON. MEREDITH A. VACCA
United States District Judge

3